FERNÁNDEZ, APPELLANT, v. REGISTRAR OF SAN JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Re-
fusing to Enter a Marginal Note of Payment.

No. 378.—Decided May 31, 1919.

RECORD OF TITLE—MARGINAL NOTE—DEFERRED PAYMENTS—PROMISSORY NOTE.—
It is erroneous for a registrar to refuse to enter on the record of a deed of
sale a marginal note of the payment of three promissory notes, which had
been given for the deferred payments, on the ground that it did not appear
from the deed presented to him that said promissory notes had been can-
celed, applying by analogy the provisions of article 82 of the Mortgage Law,
for that statute refers only to the cancelation of mortgages created to guar-
antee obligations negotiable by endorsement. The said statute is not appli-
cable to the present case, in which there is no recorded mortgage, no can-
celation of any record is sought, nor does it appear that the promissory
notes are negotiable.

ID.—ID.—ID.—Where it does not appear from the documents presented, wherein
the registrar is asked to enter a marginal note of the satisfaction of the de-
ferred payments, that the succession of one of the persons interested in the
record consists of the widow who was a party to the instrument, the regis-
trar does not commit error in refusing to enter the marginal note.

The facts are stated in the opinion.

The appellant appeared by brief *pro se.*

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The mercantile partnership of A. Gaos & Company was
composed of Alejandro Gaos and Manuel Padial. The former
having died, on October 24, 1907, the District Court of San
Juan, on the allegation of his widow, Margarita Padial, that
she had been left pregnant, appointed her administratrix of
the estate of her husband until her delivery, or until the
maximum period of gestation had expired; and by another
order of the same date she was authorized, as such admin-
istratrix of the estate of her deceased husband, Alejandro
Gaos, to dissolve the partnership of A. Gaos & Company,
declaring it to be in liquidation, and to appoint, in agree-
ment with the other partner, a liquidator of the said partner-

ship with full power to realize upon all of its assets and consequently to sell and convey the properties, real or personal; to execute or cancel mortgages, and to extinguish its liabilities.

The liquidator was appointed and on October 29, 1907, he sold to the mercantile partnership of Padial & Villar a certain property belonging to the partnership in liquidation for the sum of $22,059, of which the vendees retained the sum of $8,800 to redeem a mortgage on the property and for the remaining $13,259 gave three promissory notes payable at intervals of six months.

Some years later, or on June 21, 1918, Manuel Padial and the widow of Alejandro Gaos executed the deed which gives rise to this appeal, wherein, after making reference to the foregoing facts and stating that the mercantile partnership of A. Gaos & Company was fully liquidated by the said liquidator and that consequently the partnership of Padial & Villar had paid the three promissory notes, but that the liquidator had died without executing an authentic document acknowledging the receipt of the amount of the notes so that the payment could be entered in the registry of property, the parties, therefore, as the only persons interested in the payment of the notes, set forth the said facts and desired and consented that it be made so to appear in the registry of property on the margin of the record of the said deed of sale.

The registrar refused to enter the marginal note of payment on the ground that it did not appear that the three promissory notes had been taken up, applying by analogy the provisions of article 82 of the Mortgage Law; and also refused to enter it as to the share of the partner Alejandro Gaos because it did not appear that Manuel Padial and Margarita Padial were the only persons interested in the payment of the notes, the interested parties being the former

and the Succession of Alejandro Gaos, and the said succession had not been shown to be composed of his widow alone.

From that decision Felipe Fernández, as liquidator of F. Fernández & Company, Ltd., took this appeal, alleging that the said partnership in liquidation is the present owner of the property according to a deed recorded in the registry of property, which fact the respondent registrar admits in his brief in support of his decision.

The article of the Mortgage Law which is applied by analogy in this case by the respondent registrar and invoked in support of the first ground of his refusal to enter the satisfaction of the promissory notes given in payment of the purchase price, reads as follows in its fourth paragraph:

"Art. 82.    *    *    *

"Records made to secure sums represented by negotiable paper shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, which must show that the negotiable paper was canceled at the time of its execution, or of a petition signed by said interested persons and by the debtor to which are attached the negotiable paper referred to, duly perforated.    *    *    *"

This statute refers to the cancelation of records of mortgages created to secure negotiable obligations, but as in the present case there is no recorded mortgage and no cancelation of any record is sought, nor does it appear that the said promissory notes were negotiable, we are of the opinion that the statute can not be applied by analogy to this case for the mere reason that several promissory notes were given in payment of the purchase price, and that according to article 16 of the same law the payment of these obligations can be shown by a marginal note in conformity with the instrument presented in the registry.

As regards that part of the decision appealed from which refuses to enter the marginal note of payment with reference to the share of the partner Alejandro Gaos because it does

not appear that his succession consists of his widow, Margarita Padial, alone, we are of the opinion that it should be sustained, for it does not appear from the documents presented to the registrar that she is the only member of the succession of her husband and consequently that she is its representative. Although on October 24, 1907, she was appointed administratrix of the estate of her deceased husband for the reason that she was pregnant when he died, and in that capacity she was authorized to appoint a liquidator of the partnership of which Gaos was a member, her appointment was temporary until her delivery or until the maximum period of gestation had elapsed, and as the condition of her appointment had disappeared when in the year 1918 the instrument involved herein was executed, it is evident that on that date Margarita Padial was not the representative of the succession of her husband, and she has not shown to the registrar by means of other documents that she is the only member of the said succession with the right to acknowledge the payment made by Padial & Villar to the liquidator of the partnership of A. Gaos & Company of which her husband was a member.

The case of *Fernández* v. *Registrar of San Juan,* 26 P. R. R. 305, cited by the appellant in support of this part of his appeal, is not in point, for in that case Carlos Conde was the only member of the liquidating partnership of Villar & Company in whose name he acknowledged payment. The other case cited, *Fernández González* v. *Registrar of San Juan,* 26 P. R. R. 354, has no relation to the case at bar.

The decision must be affirmed as to its second ground.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.